UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Taronce and Victoria Dauphine,

        Plaintiffs,

v.

IQ Data International, Inc./ Rent Collect Global; and DOES 1-10, inclusive,

        Defendants.

Civil Action No.: _____

**COMPLAINT**

For this Complaint, the Plaintiffs, Taronce and Victoria Dauphine, by undersigned counsel, state as follows:

## **JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## **PARTIES**

4. The Plaintiffs, Taronce and Victoria Dauphine ("Plaintiffs"), are adult individuals residing in Nottingham, Maryland, and each is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, IQ Data International, Inc./ Rent Collect Global ("IQ Data"), is a Washington business entity with an address of 21222 30th Drive, Suite 120, Bothell, Washington

98208, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by IQ Data and whose identities are currently unknown to the Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. IQ Data at all times acted by and through one or more of the Collectors.

### ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. The Plaintiffs allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to IQ Data for collection, or IQ Data was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. IQ Data Engages in Harassment and Abusive Tactics**

12. On December 6, 2019, IQ Data called Plaintiffs in an attempt to collect the Debt.

13. During the initial conversation, IQ Data threatened to report the Debt to the credit bureaus if the Debt was not paid before December 20, 2019.

14. On December 6, 2019, IQ Data mailed Plaintiffs a collection letter advising them of their right to dispute the Debt within 30 days of it receipt.

15. Threat to report to credit bureaus during the initial call overshadowed Plaintiffs'

right to dispute the Debt within 30 days.

16. Moreover, IQ Data falsely advised Plaintiffs that the only way to stop collection calls was to provide IQ Data with a credit card number.

**C. Plaintiffs Suffered Actual Damages**

17. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

18. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

19. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt.

21. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

22. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

23. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

24. The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants

overshadowed Plaintiffs' right to dispute the Debt.

25. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26. The Plaintiffs are entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages from the Defendants for the all damages suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff; and

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 10, 2020

                                  Respectfully submitted,

                                  By     /s/ Sergei Lemberg
                                  Sergei Lemberg, Esq.
                                  LEMBERG LAW, L.L.C.
                                  43 Danbury Road, 3rd Floor
                                  Wilton, CT 06897
                                  Telephone: (203) 653-2250
                                  Facsimile:  (203) 653-3424
                                  ATTORNEYS FOR PLAINTIFF